The order below is hereby signed:

Signed: June 29 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEFFREY N. COHEN and | ) | Case No. 91-00306 |
| FRANCINE G. COHEN, | ) | (Chapter 7) |
| | ) | Not for Publication in |
| Debtors. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER REQUIRING
SUPPLEMENTATION OF APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On February 22, 2011, Nicholas T. Filloramo, through an authorized representative, Dilks & Knopik, LLC, filed an application for release of unclaimed funds in the amount of $5,691.03 (Dkt. No. 291). The chapter 7 trustee in the above-captioned bankruptcy case distributed the dividend by check to Filloramo, but the check remained unpaid ninety days after the final distribution. The application states that the check was not cashed because the trustee had mailed it to Filloramo's attorney, and not Filloramo personally.

On May 12, 2011, the chapter 7 trustee deposited the funds attributable to the unclaimed dividend into the court's registry

pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042.  Absent a showing by Filloramo that the debt payable to Filloramo has not been previously satisfied, the court will not grant the relief sought.

The burden is on the Filloramo to demonstrate entitlement to the funds sought.  *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965).  Although the record before the court demonstrates that Filloramo was at one time entitled to the funds, Filloramo has not demonstrated a present entitlement. Dilks & Knopik submitted the application for release of unclaimed funds certifying that Filloramo's claim had "not been satisfied from other sources, and the amount of the claim that remains unpaid is equal to or exceeds the amount of unclaimed funds." The application, however, was signed by Brian J. Dilks, not Filloramo, the individual with personal knowledge of the debt and, accordingly, the person competent to make the certification. An application properly executed by Filloramo would have been sufficient to entitle Filloramo to the release of funds.[2]  Thus,

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

    Ninety days after final distribution under section . . . 1326 of this title in a case under chapter . . . 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

[2] An application for Filloramo to execute is attached to this order.

2

the court will require pursuant to 28 U.S.C. § 2042[3] that the withdrawal of the funds and payment to the Filloramo be ordered only upon a demonstration by Filloramo, not Dilks and Knopick, of a **present** right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

Moreover, although the funds were originally distributed by check made payable to Filloramo pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Filloramo's **present** entitlement to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If Filloramo's claim

---

[3] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

3

that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that the Filloramo is no longer entitled to the funds. *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Any overpayment that might result from payment of the unclaimed funds to Filloramo is not simply a matter to be resolved by Filloramo and the debtors. Instead, § 2042 requires that the court determine Filloramo's entitlement to the funds.[4] It is thus

ORDERED that within 28 days of the entry of this order Filloramo shall supplement the application for release of unclaimed funds with an affidavit (or declaration under penalty of perjury) based on personal knowledge showing that the debt that was owed Filloramo has not been previously paid to Filloramo from some other source, and that if such an affidavit or

---

[4] 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money." Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court. *Hansen*, 340 F.2d at 144. The court does not address which entity or entities--the debtor, the unsecured creditors in the case (assuming their allowed claims were never paid), or the trustee as a representative of the unsecured creditors--are entitled to the funds in the event that Filloramo is not entitled to the funds. Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.

4

declaration is not timely filed, the court will deny the

Application without prejudice.

[Signed and dated above.]

Copies to:

Nicholas T. Filloramo
5225 Pooks Hill Rd. #1601 S.
Bethesda, MD 20814-2052

Dilks & Knopik, LLC
PO Box 2728
Issaquah, WA 98027-0125

(01/11)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE: _____,  )          Case No.: _____
                       Debtor. )          (Chapter ___)

APPLICATION FOR RELEASE OF UNCLAIMED FUNDS PURSUANT
TO 28 U.S.C. § 2042 AND BANKRUPTCY RULE 3011
AND NOTICE OF OPPORTUNITY TO OPPOSE THE APPLICATION

    Pursuant to 28 U.S.C. § 2042 and Federal Rule of Bankruptcy Procedure 3011, _____, Applicant, reports as follows:

    1. Application is hereby made for unclaimed funds that are owed to the Applicant in this case in the amount of $_____.____. These funds were deposited into the Registry of the Court pursuant to 11 U.S.C. § 347 after a check to _____ for the sum was not cashed.

    2. The reason why the funds went unclaimed is that _____
_____
_____
_____.

    3. The Applicant certifies that the Applicant is the entity entitled to a return of the unclaimed funds. If the payee on the check was a creditor in the case, the claim of the creditor has not been satisfied from other sources, and the amount of the claim that remains unpaid is equal to or exceeds the amount of the unclaimed funds.

    4. An account record regarding amounts owed on the debt:
        [ ] was not maintained;
        [ ] was maintained and a copy of the page stating the balance currently
           owed is attached hereto;
        [ ] was maintained but is unavailable because _____
_____
_____
        but I can certify that the debt remains unpaid because _____
_____
_____
_____.

    5. I have attached hereto _____ page(s) (if any) further explaining my

Page 1 of 3

(01/11)

Application and _____ page(s) of documents in support of this Application[1]. Each document is a true copy of a genuine document. I am additionally **separately filing** a *Statement of Social Security Number or Taxpayer Identification Number in Support of Application for Release of Unclaimed Funds*.

      6. The Applicant requests that the said unclaimed funds be returned to:

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___ day of _____, _____.

Signature: _____

Telephone No.: _____  Printed Name:_____

---

[1] See the instructions contained in the court website's Information Regarding Unclaimed Funds for the documents that must accompany application.

(01/11)

**NOTICE IS HEREBY GIVEN THAT ANY OBJECTION TO THIS APPLICATION MUST BE FILED WITHIN 21 DAYS AFTER THE DATE OF SERVICE NOTED BELOW**.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing Application were mailed, postage prepaid, this _____day of _____ , _____, to:

_____, Trustee
_____
_____
_____

United States Attorney's Office
555 4th Street, N.W. - 5th Floor
Washington, DC 20001

Office of United States Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314

_____
Signature

_____
Printed Name