The order below is hereby signed.

Signed: June 11 2018



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEFFREY N. COHEN and | ) | Case No. 91-00306 |
| FRANCINE G. COHEN, | ) | (Chapter 7) |
| | ) | Not for Publication in |
| Debtor(s). | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On May 14, 2018, Redstone Development Corp., through Jeffrey Falbo, owner of Segment Returns LLC, filing by power of attorney on behalf of Redstone Development, filed an application for release of unclaimed funds in the amount of $1,145.92 (Dkt. No. 317). On May 12, 2011, the unclaimed dividend in question was deposited into the court's registry pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Absent a showing by Redstone Development that

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

> Ninety days after final distribution under section 726 . . . of this title in a case under chapter 7, 12, or 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

the debt once payable to it has not been previously satisfied, the court will not grant the relief sought.

The burden is on Redstone Development to demonstrate that it is entitled to the funds sought.  *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965).  Although the record before the court demonstrates that Redstone Development was at one time entitled to the funds, Redstone Development, has not demonstrated

a present entitlement, as required.[2]  *See* 28 U.S.C. § 2042;[3]

*Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

---

[2]  In this case, the trustee made a first distribution, which did not result in any failure by Redstone Development to cash the distribution check sent to it.  After that distribution, the case was closed, but the case was then reopened and the trustee made a second distribution.  The trustee's final report that led to the second distribution reflects that:

> Creditor received $4,576.31 from initial final report (filed 8/17/1995) and returned $29.52 to the trustee based on the amended final report (filed 10/19/1995). Creditor received a total payment of $4,546.79 leaving a remaining balance due of $146,442.21.  By Order 1/24/95 Redstone Develpmt & Samuel& David Rosenstein claims are to be combined jointly &severally. (Total claim $293,978) 11/4/91[.]

The final report treated $146,989.00 of the $293,9978 original claim as filed by Redstone Development and $146,989.00 as filed by Samuel and David Rosenstein and proposed a distribution to Redstone Development of $1,145.72 on its remaining unpaid claim of $146,442.21 and a distribution to Samuel and David Rosenstein of $1,145.72 on their remaining unpaid claim of $1,145.72.  The trustee made a deposit of the $1,145.72 distribution that went unclaimed by Redstone Development, but made no such deposit regarding the $1,145.72 distribution to Samuel and David Rosenstein.

[3]  28 U.S.C. § 2042 provides:

> No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

> In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States.  Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him.  [Emphasis added.]

3

The application is not signed by an officer of Redstone Development but instead is signed by Jeffrey Falbo, owner of Segment Returns LLC, who holds a power of attorney on behalf of Redstone Development that was executed by David Rosenstein, president of Redstone Development.  Rosenstein did not sign the application.  There is no indication of facts establishing that Falbo has any personal knowledge of the facts surrounding the debt and the unclaimed funds, and Falbo's statements in the application, although signed under penalty of perjury, do not constitute admissible evidence.

Falbo indicates that the check was lost and an account record regarding the amounts owed on the debt was not maintained.  In the space provided for Redstone Development to explain how it can certify that the debt remains unpaid notwithstanding the lack of account records, Falbo responds by stating "[c]heck was uncashed and reported as unclaimed funds."  Putting aside the fact that Falbo has no personal knowledge to recite facts relating to the debt and the unclaimed funds, Redstone Development cannot meet its burden to show a present entitlement to the funds without first showing that the debt remains due.  Although the funds were originally distributed by check made payable to Redstone Development pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Redstone Development's **present** entitlement to the

funds.  *See Willametz*, 489 F.2d at 366.  If, as Falbo recites, Redstone Development did not maintain an account record for the debt, this does not excuse Redstone Development from making this showing.

If Redstone Development's claim that was the basis for the issuance of the distribution was assigned to someone else or has already been satisfied, circumstances have changed such that Redstone Development is no longer entitled to the funds.  *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).  For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt.  Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien.  Or, although unlikely, the debtors (who received a discharge) may have voluntarily paid the debt.

Any overpayment that might result from payment of the unclaimed funds to Redstone Development is not simply a matter to be resolved by Redstone Development and the debtors.  Instead, § 2042 requires that the court determine Redstone Development's entitlement to the funds.  It is thus

ORDERED that Redstone Development's application for release of unclaimed funds (Dkt. No. 317) is DENIED without prejudice to the filing of an amended application demonstrating, based on

5

admissible evidence, a present day entitlement to the funds.

[Signed and dated above.]


Copies to:

Segment Returns LLC
Attn: Jeffrey Falbo, Owner
P.O. Box 40054
Arlington, VA 22204

David Rosenenstein
President
Redstone Development Corp
7245 Arlington Blvd Suite 314
Falls Church, VA 22042